Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
**DONIGER / BURROUGHS APC**
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff
SUSAN NICHOLSON HOFHEINZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SUSAN NICHOLSON HOFHEINZ, an Individual,

Plaintiff,

v.

WWW.RAREMOVIEMART.COM, a business entity of form unknown; SKYLAR BROS. ENTERTAINMENT, INC., a California Corporation and doing business as, "WWW.MONSTERSINMOTION.COM"; WWW.THEVIDEOBEAT.COM, a business entity of form unknown; WWW.TIMESFORGOTTENDVD.COM, a business entity of form unknown; WWW.UNFORGETTABLEDVDS.NET, a business entity of form unknown; BILL BLACK, an individual and doing business as "AC COMICS"; TALKING RINGS, a

Case No. CV12-09307 ABC (JEMx)

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;

3. VIOLATIONS OF LANHAM ACT (15 U.S.C. 1125)

4. STATE TRADE DRESS INFRINGEMENT

5. STATE TRADEMARK INFRINGEMENT

6. STATE UNFAIR COMPETITION

Jury Trial Demanded

- 1 -

COMPLAINT

New Mexico business entity of form unknown, individually and doing business as WWW.SCIFISTATION.COM; WWW.SUMOGORILLA.COM, a business entity of form unknown; WWW.DAAVEEDEE.COM, a business entity of form unknown; WWW.UNFORGETTABLEDVDS.NET, a business entity of form unknown; and DOES 1-10,

Defendants.

Plaintiff SUSAN NICHOLSON HOFHEINZ (hereinafter "Hofheinz" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff Hofheinz is, amongst other things, the exclusive owner of the rights in and to a group of creepy horror films from the 1950s. These films include *Invasion of the Saucer-Men* ("*Saucer-Men*"), *I Was a Teenage Frankenstein* ("*Teenage Frankenstein*"), *I Was a Teenage Werewolf* ("*Teenage Werewolf*"), *It Conquered the World* ("*It Conquered*"), and *The Amazing Colossal Man* ("*Colossal Man*"), (collectively "Films"). Plaintiff has never licensed the rights for the Films to be released, distributed, or disseminated in any way in DVD format.

Defendants, and each of them, have created, marketed, imported, distributed, and sold a number of products that violate Plaintiff's rights in and to the Films. This case seeks redress for these violations.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101

- 2 -

COMPLAINT

*et seq.* and the Lanham Act, Title 15 U.S.C. §1051, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b), and ancillary jurisdiction, to the extent necessary, over the remaining claims.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Hofheinz is an individual residing in Southern California.

5. Plaintiff is informed and believes and thereon alleges that Defendant WWW.RAREMOVIEMART.COM ("RAREMOVIEMART") is a business entity of form unknown, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant SKYLAR BROS. ENTERTAINMENT, INC., is a corporation organized and existing under the laws of the state of California individually and doing business as individually and doing business as "WWW.MONSTERSINMOTION.COM" (collectively, "MONSTERSINMOTION").

7. Plaintiff is informed and believes and thereon alleges that Defendant WWW.THEVIDEOBEAT.COM ("VIDEOBEAT") is a business entity of form unknown, and is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant WWW.TIMESFORGOTTENDVD.COM ("TIMESFORGOTTEN") is a business entity of form unknown, and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant WWW.UNFORGETTABLEDVDS.NET ("UNFORGETTABLEDVDS") is a business entity of form unknown, and is doing business in and with the state of California.

- 3 -

COMPLAINT

10. Plaintiff is informed and believes and thereon alleges that Defendant WWW.THEVIDEOBEAT.COM ("VIDEOBEAT") is a business entity of form unknown, and is doing business in and with the state of California.

11.   Plaintiff is informed and believes and thereon alleges that Defendant BILL BLACK, an individual and doing business as "AC COMICS" (collectively, "AC") is a sole proprietorship organized and operating under the laws of the State of Florida, and is doing business in and with the State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant TALKING RINGS is a business entity of form unknown organized and existing under the laws of the state of New Mexico individually and doing business as "WWW.SCIFISTATION.COM" (collectively, "SCIFISTATION"), and is doing business in and with the state of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant WWW.SUMOGORILLA.COM ("SUMOGORILLA") is a business entity of form unknown organized and existing under the laws of the state of Ohio, and is doing business in and with the State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant WWW.DAAVEEDEE.COM ("DAAVEEDEE") is a limited liability company organized and operating under the laws of the state of New Jersey, and is doing business in and with the state of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant WWW.UNFORGETTABLEDVDS.NET ("UNFORGETTABLE") is a business entity of form unknown, and is doing business in and with the state of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of product to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying materials and

- 4 -

COMPLAINT

other product exploiting the Films without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

17. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's rights, have contributed to the infringement of Plaintiff's rights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

18. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO *SAUCER-MEN*

19. Plaintiff is the exclusive owner and copyright holder for *Saucer-Men* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

- 5 -

20. *Saucer-Men* and its marketing materials were published prior to the acts alleged herein.

21. Plaintiff is informed and believes that Defendants, and each of them, took access to and received *Saucer-Men* and related marketing materials prior to the acts alleged herein.

22. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Saucer-Men*, specifically and without limitation, unauthorized copies and/or derivatives of *Saucer-Men* on DVD ("Accused Product").

23. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants MONSTERSINMOTION, UNFORGETTABLE, SUMOGORILLA, DAAVEEDEE and DOE Defendants sourced, manufactured, imported, and/or had created the Accused Product and marketed and sold it to the public.

24. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Saucer-Men*.

25. Certain exemplars of the Accused Product and accompanying information originating from and/or offered for sale by the Defendants, and each of them, are set forth below:

///
///
///

- 6 -

COMPLAINT

$19.99

**Creeping horror**

SEE teenagers v

SEE disembodied

SEE earth attack

A teenage couple m.
hand falls off, but it
town drunk wants to
system, and Joe dies of an overdose,

larger image



72 Minutes
English Language
1957
Black & White
NTSC
Invasion Of The Saucer-Men 1957 DVD

Invasion of the Saucermen, DVD

Price: $0.99

26. An examination of the above images makes clear that the Accused Product is an unauthorized knock-off DVD of *Saucer-Men*. This violates Plaintiff's copyrights in *Saucer-Men*.

27. In addition, the Accused Product violates Plaintiff's copyrights, trademark and trade dress rights in its use of the name of *Saucer-Men* and certain material from *Saucer-Men* and/or its marketing on the Accused Product's packaging.

28. Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials.

29. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

-7-

COMPLAINT

## CLAIMS RELATED TO *TEENAGE FRANKENSTEIN*

30. Plaintiff is the exclusive owner and copyright holder for *Teenage Frankenstein* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

31. *Teenage Frankenstein* and its marketing materials were published prior to the acts alleged herein.

32. Plaintiff is informed and believes that Defendants, and each of them, took access to and received *Teenage Frankenstein* and related marketing materials prior to the acts alleged herein.

33. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Teenage Frankenstein*, specifically and without limitation, unauthorized copies and/or derivatives of *Teenage Frankenstein* on DVD ("Accused Product").

34. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants RAREMOVIEMART, MONSTERSINMOTION, VIDEOBEAT, and DOE Defendants sourced, manufactured, imported, and/or had created the Accused Product and marketed and sold it to the public.

35. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Teenage Frankenstein*.

36. Certain exemplars of the Accused Product and accompanying information originating from and/or offered for sale by the Defendants, and each of them, are set forth below:

///

///

- 8 -

COMPLAINT









I Was a Teenage Frankenstein (1957)

**$12.99**

**Directed by Herbert L. Strock**
**Written by Herman Cohen, Aben Kandel**
**Starring: Whit Bissell, Phyllis Coates and Robert**
**Burton....**
**Format: DVD Region ALL**
**Runtime: 73 min**
**Language: English (no subtitles)**

37. An examination of the above images makes clear that the Accused Product is an unauthorized knock-off DVD of *Teenage Frankenstein*. This violates Plaintiff's copyrights in *Teenage Frankenstein*.

38. In addition, the Accused Product violates Plaintiff's copyrights, trademark and trade dress rights in its use of the name of *Teenage Frankenstein* and certain material from *Teenage Frankenstein* and/or its marketing on the Accused Product's packaging.

39. Defendants, nor any of them, ever obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials. Plaintiff is informed and believes and thereon alleges that the owners of the

1 | Defendants, and each of them, were personally involved in the acts of infringement

2 | alleged herein, and/or is an alter ego or proxy for the companies alleged to have

3 | committed the injurious misconduct.

4 | **CLAIMS RELATED TO *TEENAGE WEREWOLF***

5 | 40. Plaintiff is the exclusive owner and copyright holder for *Teenage Werewolf*

6 | and certain if not all of the related marketing materials. Plaintiff owns in exclusivity

7 | copyright registrations for the content at issue.

8 | 41. *Teenage Werewolf* and its marketing materials were published prior to the

9 | acts alleged herein.

10 | 42. Plaintiff is informed and believes that Defendants, and each of them, took

11 | access to and received *Teenage Werewolf* and related marketing materials prior to

12 | the acts alleged herein.

13 | 43. Plaintiff is informed and believes that Defendants, and each of them, were

14 | manufacturing or having manufactured, marketing, distributing, and selling

15 | merchandise that exploits the content and characters from *Teenage Werewolf*,

16 | specifically and without limitation, unauthorized copies and/or derivatives of

17 | *Teenage Werewolf* on DVD ("Accused Product").

18 | 44. Specifically, without limitation, Plaintiff is informed and believes and

19 | thereon alleges that Defendants RAREMOVIEMART, MONSTERSINMOTION,

20 | VIDEOBEAT, and DOE Defendants sourced, manufactured, imported, and/or had

21 | created the Accused Product and marketed and sold it to the public.

22 | 45. The above-alleged conduct was not authorized by Plaintiff, and is in

23 | violation of Plaintiff's rights as the exclusive owner of *Teenage Werewolf*.

24 | 46. Certain exemplars of the Accused Product and accompanying information

25 | originating from and/or offered for sale by the Defendants, and each of them, are set

26 | forth below:

27 |

28 |

- 10 -

COMPLAINT




**I Was A Teenage Werewolf 1957 DVD Michael Landon**



$14.99

THE MOST AMAZING MOTION PICTURE OF OUR TIME!

Michael Landon stars as a troubled teenager who seeks help through hypnotherapy, for regression experiments that transform him into a rampaging werewolf.

1957 / 76 Mins / NTSC / Black & White / Fullscreen

Cast: Michael Landon, Yvonne Fedderson Lime, Whit Bissell, Tony Marshall, Dawn Rid

larger image

Complete and uncut
You won't find a better version anywhere!

47. An examination of the above images makes clear that the Accused Product is an unauthorized knock-off DVD of *Teenage Werewolf*. This violates Plaintiff's copyrights in *Teenage Werewolf*.

48. In addition, the Accused Product violates Plaintiff's copyrights, trademark and trade dress rights in its use of the name of *Teenage Werewolf* and certain material from *Teenage Werewolf* and/or its marketing on the Accused Product's packaging.

49. Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials.

- 11 -

COMPLAINT

1   Plaintiff is informed and believes and thereon alleges that the owners of the

2   Defendants, and each of them, were personally involved in the acts of infringement

3   alleged herein, and/or is an alter ego or proxy for the companies alleged to have

4   committed the injurious misconduct.

5   **CLAIMS RELATED TO *IT CONQUERED***

6   50. Plaintiff is the exclusive owner and copyright holder for *It Conquered* and

7   certain if not all of the related marketing materials. Plaintiff owns in exclusivity

8   copyright registrations for the content at issue.

9   51. *It Conquered* and its marketing materials were published prior to the acts

10  alleged herein.

11  52. Plaintiff is informed and believes that Defendants, and each of them, took

12  access to and received *It Conquered* and related marketing materials prior to the acts

13  alleged herein.

14  53. Plaintiff is informed and believes that Defendants, and each of them, were

15  manufacturing or having manufactured, marketing, distributing, and selling

16  merchandise that exploits the content and characters from *It Conquered*, specifically

17  and without limitation, unauthorized copies and/or derivatives of *It Conquered* on

18  DVD ("Accused Product").

19  54. Specifically, without limitation, Plaintiff is informed and believes and

20  thereon alleges that Defendants RAREMOVIEMART, MONSTERSINMOTION,

21  UNFORGETTABLE, and DOE Defendants sourced, manufactured, imported, and/or

22  had created the Accused Product and marketed and sold it to the public.

23  55. The above-alleged conduct was not authorized by Plaintiff, and is in

24  violation of Plaintiff's rights as the exclusive owner of *It Conquered*.

25  56. Certain exemplars of the Accused Product and accompanying information

26  originating from and/or offered for sale by the Defendants, and each of them, are set

27  forth below:

28  - 12 -

It Conquered the World (1956)

**$12.99**

Directed by Roger Corman
Written by Lou Rusoff (screenplay)...
Starring: Peter Graves, Beverly Garland and
Cleef...
71 mins

"It Conquered the World" Movie on Dvd

### It Conquered The World 1956 DVD



**$19.99**

Every man its prisoner... every woman its slave!

**Black & White**
**71 Minutes**
**Mono**
**NTSC**
**Region 1**

57. An examination of the above images makes clear that the Accused Product is an unauthorized knock-off DVD of *It Conquered*. This violates Plaintiff's copyrights in *It Conquered*.

58. In addition, the Accused Product violates Plaintiff's copyrights, trademark and trade dress rights in its use of the name of *It Conquered* and certain material from *It Conquered* and/or its marketing on the Accused Product's packaging.

59. Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have

- 13 -

1    committed the injurious misconduct.

2    ### CLAIMS RELATED TO *COLOSSAL MAN*

3    60. Plaintiff is the exclusive owner and copyright holder for *Colossal Man* and

4    certain if not all of the related marketing materials. Plaintiff owns in exclusivity

5    copyright registrations for the content at issue.

6    61. *Colossal Man* and its marketing materials were published prior to the acts

7    alleged herein.

8    62. Plaintiff is informed and believes that Defendants, and each of them, took

9    access to and received *Colossal Man* and related marketing materials prior to the acts

10   alleged herein.

11   63. Plaintiff is informed and believes that Defendants, and each of them, were

12   manufacturing or having manufactured, marketing, distributing, and selling

13   merchandise that exploits the content and characters from *Colossal Man*, specifically

14   and without limitation, unauthorized copies and/or derivatives of *Colossal Man* on

15   DVD ("Accused Product").

16   64. Specifically, without limitation, Plaintiff is informed and believes and

17   thereon alleges that Defendants RAREMOVIEMART, MONSTERSINMOTION,

18   TIMESFORGOTTEN, AC, and DOE Defendants sourced, manufactured, imported,

19   and/or had created the Accused Product and marketed and sold it to the public.

20   65. The above-alleged conduct was not authorized by Plaintiff, and is in

21   violation of Plaintiff's rights as the exclusive owner of *Colossal Man*.

22   66. Certain exemplars of the Accused Product and accompanying information

23   originating from and/or offered for sale by the Defendants, and each of them, are set

24   forth below:

25

26   ///

27   ///

28
- 14 -

COMPLAINT



The Amazing Colossal Man~1957

**$12.99**

Directed by Bert I. Gordon
Written by Mark Hanna, Bert I. Gordon
Starring: Glenn Langan, Cathy Downs, William
Hudson, Larry Thor, James Seay, Frank Jenks...
Format: DVD Region ALL
Language: English (no subtitles)

larger image

"The Amazing Colossal Man" Movie on Dvd

Amazing Colossal Man, The 1957 DVD

$15.99

67. An examination of the above images makes clear that the Accused Product is an unauthorized knock-off DVD of *Colossal Man*. This violates Plaintiff's copyrights in *Colossal Man*.

68. In addition, the Accused Product violates Plaintiff's copyrights, trademark and trade dress rights in its use of the name of *Colossal Man* and certain material from *Colossal Man* and/or its marketing on the Accused Product's packaging.

69. Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement

- 15 -

COMPLAINT

1   alleged herein, and/or is an alter ego or proxy for the companies alleged to have

2   committed the injurious misconduct.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

5       70. Plaintiff repeats, re-alleges and incorporates herein by reference as though

6   fully set forth the allegations contained in the preceding paragraphs of this

7   Complaint.

8       71. Plaintiff is informed and believes and thereon alleges that Defendants, and

9   each of them, had access to the Films, which were first released in theaters in the

10  1950s.

11      72. Plaintiff is informed and believes and thereon alleges that Defendants, and

12  each of them, misappropriated content from the Films to create, or have created,

13  products that are substantially similar to certain of the material encompassed in the

14  Films.

15      73. Plaintiff is informed and believes and thereon alleges that Defendants, and

16  each of them, infringed Plaintiff's copyright by creating, making and/or developing

17  directly infringing and/or derivative works from the Films and by producing,

18  distributing and/or selling product that infringes the Films through a nationwide

19  network of retail stores and on-line outlets.

20      74. Plaintiff is further informed and believes, and thereon alleges, that

21  Defendants, and each of them, created unlawful derivative works that were based on

22  the Films, and sold said works in commerce.

23      75. The above-stated acts by Defendants, and each of them, violated Plaintiff's

24  exclusive right to create derivative works from Films and her exclusive right to

25  distribute and sell product related to the Films' material.

26      76. Due to Defendants', and each of their, acts of infringement, Plaintiff has

27  suffered general and special damages in an amount to be established at trial.

28

- 16 -

COMPLAINT

77. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of SUSAN's rights in the Films. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants', and each of their, infringement of the Films in an amount to be established at trial.

78. Plaintiff is informed and believes and thereon alleges that the infringement of the content from the Films by Defendants, and each of them, was willful, with knowledge, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder for the Films, and as such, Defendants, and each, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

79. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

80. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of the Accused Product as alleged hereinabove.

81. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

- 17 -

COMPLAINT

82. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

83. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Films. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits directly and indirectly attributable to Defendants', and each of their, infringement of the Films, in an amount to be established at trial.

84. Plaintiff is informed and believes and thereon alleges that the infringement of the content from the Films by Defendants, and each of them, was willful, with knowledge, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder for the Films, and as such, Defendants, and each of them, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars ($150,000.00) and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

## THIRD CLAIM FOR RELIEF

### (Violations of Lanham Act (15 USC § 1125) –

### Against all Defendants, and Each)

85. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

86. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are passing off the Accused Product under the Films' titles, and in

- 18 -

packaging similar to and evoking that used in the Films and their marketing materials, in interstate commerce.

87. Plaintiff is informed and believes and thereon alleges that the passing off by Defendants, and each of them, of Accused Product under the Films' titles causes consumer confusion as to the source of the Accused Product and falsely implies a sponsorship or association between the Films and the Accused Product and/or the Defendants, and each of them.

88. Plaintiff is informed and believes and thereon alleges that the passing off by Defendants, and each of them, of Accused Product under the Films' titles misrepresent the nature, characteristics, and qualities of the Accused Product, as the Accused Product is not authorized product, and the packaging of the Accused Product is confusingly similar to the content in the Films and its marketing materials.

89. The above misstatements and deceptions by Defendants, and each of them, were material, and resulted in harm and damages to Plaintiff in an amount to be established at trial.

90. Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

91. Plaintiff is entitled to recover its actual damages and Defendants', and each of their, profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a) and (b); attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## FOURTH CLAIM FOR RELIEF

### (Trade Dress Infringement in Violation of California Business and Professions Code Section 14245 – Against All Defendants, and Each)

92. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this

- 19 -

COMPLAINT

Complaint.

93. Defendants', and each of their, unauthorized use of material from the Films and their marketing materials in connection with the sale, offering for sale, distribution or advertising of its products is likely to cause confusion or mistake or to deceive as to the source or origin of its products in violation of California Business and Professions Code Section 14245.

94. On information and belief, Defendants', and each of their, infringement has been with knowledge of Plaintiff's rights.

95. Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants', and each of their, aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation and goodwill.

## FIFTH CAUSE OF ACTION

### (Trademark Infringement under Cal. Bus. & Prof. Code § 17200 and California Common Law against all Defendants)

96. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

97. Defendants', and each of their, use of the Films' titles, without Plaintiffs' consent, constitutes trademark infringement and unfair competition in violation of California common law, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the products offered by Defendants.

98. The acts of Defendants, and each of them, complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Accused

- 20 -

Product offered by Defendants. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants, and each of them, will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's trademark and trade dress, and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law.  Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants, and each of them, and each of their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce material from the Films or their marketing materials.

99. As a direct and proximate result of Defendants', and each of their, willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants, and each of them, are restrained, Plaintiff will continue to suffer irreparable damage.

## SIXTH CAUSE OF ACTION

### (California Unfair Competition under Cal. Bus. & Prof. Code § 17200 and California Common Law against All Defendants)

100.   Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

101.   By the actions alleged above, Defendants, and each of them, have engaged in false designation of origin and unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by entering products into the stream of commerce, which deceived and confused members of the public as to the origin of their goods. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants, and each of them, will continue and expand those activities to the continued and irreparable

-21-

injury of Plaintiff. This injury includes a reduction in the distinctiveness of the Films and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law.  Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants, and each of them, and each of their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce content from the Films.

102.   As a direct and proximate result of Defendants', and each of their, willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants, and each of them, are restrained, Plaintiff will continue to suffer irreparable damage.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief and judgment as follows:

### ***Against All Defendants***

1. <u>With Respect to Each Claim for Relief</u>

   a. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 101, *et seq.*;

   b. A disgorgement of profits and other damages arising from such infringement, pursuant to 15 U.S.C. § 1117, and award all damages called for therein;

   c. An award of actual damages sustained by Plaintiff;

   d. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 101, *et seq.*, 17 U.S.C. § 1202, and 15 U.S.C. § 1117;

   e. An injunction against continued infringement of Plaintiff's trade dress and trademark, pursuant to 15 U.S.C. § 1116, and the unfair competition

- 22 -

provisions;

   f.  An injunction against continued infringement of Plaintiff's trade dress and trademark, pursuant to Cal Bus & Prof Code § 14245;

   g.  An order directing Defendants, and each of them, to file with the court and serve on Plaintiff a report setting forth an accounting and the manner and form in which Defendants, and each of them, have complied with the injunction, pursuant to 15 U.S.C. § 1116;

   h.  That Plaintiff be awarded pre-judgment interest as allowed by law;

   i.  That Plaintiff be awarded the costs of this action;

   j.  That Plaintiff be awarded treble damages and/or punitive damages in an amount sufficient to deter and punish Defendants, and each of them, on account of Defendants', and each of their, willful violation of Federal, California, and common law; and declaring this case to be an exceptional case within the meaning of 15 U.S.C. § 1117;

   k.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper;

   l.  That an imposition of a constructive trust be entered over all products and materials bearing, in whole or in part, any material from the Films or their marketing materials, to the extent said products and materials were created, purchased, sold, advertised, or distributed in violation of Plaintiff's rights therein, as well as all registrations relating to Plaintiff's works filed by any of the Defendants and/or any third parties, and all profits, monies, royalties, and any other benefits derived or obtained by any of the Defendants from the wrongful ownership, use, purchase, sale, distribution, licensing, or exploitation of Plaintiff's works of art.

///

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND
CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated:  October 24, 2012          By: _____

Scott A. Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
SUSAN NICHOLSON HOFHEINZ

- 24 -

COMPLAINT

Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN NICHOLSON HOFHEINZ, an individual<br><br><br>PLAINTIFF(S)<br>v.<br><br>WWW.RAREMOVIEMART.COM, a business entity<br>of form unknown; et. al. [See Attached "Schedule A"]<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-09307 ABC(JEMx)<br><br><br><br>SUMMONS |

TO:     DEFENDANT(S):

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Scott A. Burroughs, Esq._____, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

OCT 3 0 2012

Clerk, U.S. District Court

JULIE PRADO

Dated: _____

By: _____

                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## "SCHEDULE A"

SUSAN NICHOLSON HOFHEINZ, an Individual,

Plaintiff,

v.

WWW.RAREMOVIEMART.COM, a business entity of form unknown; SKYLAR BROS. ENTERTAINMENT, INC., a California Corporation and doing business as, "WWW.MONSTERSINMOTION.COM"; WWW.THEVIDEOBEAT.COM, a business entity of form unknown; WWW.TIMESFORGOTTENDVD.COM, a business entity of form unknown; WWW.UNFORGETTABLEDVDS.NET, a business entity of form unknown; BILL BLACK, an individual and doing business as "AC COMICS"; TALKING RINGS, a New Mexico business entity of form unknown, individually and doing business as WWW.SCIFISTATION.COM; WWW.SUMOGORILLA.COM, a business entity of form unknown; WWW.DAAVEEDEE.COM, a business entity of form unknown; WWW.UNFORGETTABLEDVDS.NET, a business entity of form unknown; and DOES 1-10,

Defendants.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SUSAN NICHOLSON HOFHEINZ, an individual

**DEFENDANTS**
WWW.RAREMOVIEMART.COM, a business entity of form unknown; et. al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Stephen M. Doniger (SBN 179314)   300 Corporate Pointe, Suite 355
Scott A. Burroughs (SBN 235718)   Culver City, California 90230
DONIGER/BURROUGHS, APC   Tel: (310) 590-1820; Fax: (310) 417-3538

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. - Action for misappropriation of Plaintiff's artwork used in the film/television industry.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-09307

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Susan Nicholson Hofheinz- Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SEE ATTACHED "SCHEDULE A" | SEE ATTACHED "SCHEDULE A" |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):                                    Date 10/29/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## "SCHEDULE A"

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| WWW.RAREMOVIEMART.COM, a business entity of form unknown-Los Angeles County | BILL BLACK, an individual and doing business as "AC COMICS"- Florida |
| SKYLAR BROS. ENTERTAINMENT, INC., a California Corporation and doing business as, WWW.MONSTERSINMOTION.COM- Los Angeles County | TALKING RINGS, a business entity of form unknown, individually and doing business as WWW.SCIFISTATION.COM-New Mexico; |
| WWW.THEVIDEOBEAT.COM, a business entity of form unknown- Los Angeles County | WWW.SUMOGORILLA.COM, a business entity of form unknown- Ohio |
| WWW.TIMESFORGOTTENDVD.COM, a business entity of form unknown- Los Angeles County | WWW.DAAVEEDEE.COM, a business entity of form unknown-New Jersey |
| WWW.UNFORGETTABLEDVDS.NET, a business entity of form unknown- Los Angeles County | |
| WWW.UNFORGETTABLEDVDS.NET, a business entity of form unknown- Los Angeles County | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV12- 9307 ABC (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.